No. 24-4313

United States Court of Appeals
for the
Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee*,

— v. —

MARIAN HUDAK,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

# OPENING BRIEF OF APPELLANT

EUGENE E. LESTER, III
LESTER LAW
400 Bellmeade Street, Suite 702
Greensboro, North Carolina 27401
(336) 522-6853

*Counsel for Appellant*

COUNSEL PRESS   (800) 4-APPEAL • (811308)

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

JURISDICTIONAL STATEMENT ........................................................... 1

ISSUE PRESENTED FOR REVIEW ....................................................... 1

STATEMENT OF THE CASE .............................................................. 2

STANDARD OF REVIEW....................................................................... 4

SUMMARY OF THE ARGUMENT ......................................................... 5

ARGUMENT ................................................................................... 5

    I.    The district court erroneously excluded Marian Hudak's evidence showing his offense conduct was affected by his serious mental health symptoms without conducting a reverse Rule 404(b) analysis................ 5

    II.   The district court wrongly admitted the government's evidence showing that Marian privately possessed Nazi war relics which provided an improper basis to judge his character ............................................................ 9

CONCLUSION ..................................................................................... 12

REQUEST FOR ORAL ARGUMENT ................................................. 12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Agushi v. Duerr,*
   196 F.3d 754 (7th Cir. 1999) ................................................................. 7

*Burgess v. Goldstein,*
   997 F.3d 541 (4th Cir. 2021) ................................................................. 4

*Crane v. Kentucky,*
   476 U.S 683 (1986) ............................................................................... 7

*Holmes v. South Carolina,*
   547 U.S. 319 (2006) .............................................................................. 7

*Michelson v. United States,*
   335 U.S. 469 (1948) .............................................................................. 8

*Morgan v. Foretich,*
   846 F.2d 941 (4th Cir. 1988) ............................................................... 11

*United States v. Aboumoussallem,*
   726 F.2d 906 (2d Cir. 1984) ................................................................. 8

*United States v. Brizuela,*
   962 F.3d 784 (4th Cir. 2020) ............................................................... 10

*United States v. Cohen,*
   888 F.2d 770 (11 Cir. 1989) ................................................................. 8

*United States v. Daniels,*
   932 F.3d 1120 (8th Cir. 2019) .............................................................. 6

*United States v. Hall,*
   858 F.3d 254 (4th Cir. 2017) ................................................................ 9

*United States v. McClure,*
   546 F.2d 670 (5th Cir. 1977) ................................................................ 8

*United States v. Montelongo,*
   420 F.3d 1169 (10th Cir. 2005) ............................................................ 9

*United States v. Queen,*
 132 F.3d 991 (4th Cir. 1997) ............................................................ 7, 10

*United States v. Seales,*
 419 F.3d 600 (7th Cir. 2005) .................................................................. 8

*United States v. Stevens,*
 935 F.2d 1380 (3d Cir. 1991) ........................................................ 7, 8, 9

**Statutes and Other Authorities:**

18 U.S.C. § 245(b)(2) ................................................................................. 2

18 U.S.C. § 3231 ........................................................................................ 1

28 U.S.C. § 1291 ........................................................................................ 1

42 U.S.C. § 3631 ........................................................................................ 2

Fed. R. App. P. 4(b) .................................................................................... 1

Fed. R. Evid. 403 ..................................................................................... 11

Fed. R. Evid. 404(b) ......................................................................... *passim*

## JURISDICTIONAL STATEMENT

This is an appeal from a judgment entered by the United States District Court for the Middle District of North Carolina on June 10, 2024, by the Honorable Judge Willaim L. Osteen, Jr. (JA731). Timely notice of appeal was filed on June 12, 2024, in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure. (JA731). The district court had jurisdiction of this action pursuant to 18 U.S.C. § 3231. The jurisdiction of the Court of Appeals is invoked under 28 U.S.C. § 1291.

## ISSUE PRESENTED FOR REVIEW

Marian Hudak challenges the district court's evidentiary rulings to exclude evidence that his mental health symptoms affected his behavior and its admission of Nazi war relics to show racial animus. The district court failed to consider Mr. Hudak's evidence under the doctrine of reverse Rule 404(b), that is used to exonerate rather than incriminate a defendant, while admitting the Nazi relics that had an undue tendency to suggest behavior for an improper purpose.

1

## STATEMENT OF THE CASE

Marian Hudak was charged in a two-count indictment on June 26, 2023 (hereinafter "Marian"). (JA14). Count One alleges that on October 13, 2022, Marian interfered with Mr. Smith's use of a public roadway, with a firearm, because of Mr. Smith's race and color, in violation of 18 U.S.C. § 245(b)(2). (JA14). Count Two alleges that on November 27, 2021, Marian caused bodily injury to Mr. Duarte because of his race, national origin, and use of a dwelling in violation of 42 U.S.C. § 3631. (JA14).

Beginning on January 8, 2024, a jury trial was held. (JA190). During trial, the evidence showed that Marian displayed flags on his truck and in his yard. (JA522). The flags he displayed included Trump, American, Confederate and support of law enforcement, including police. (JA522). Marian wrote messages on his truck that were pro-Trump and law enforcement, and other forms of political expression that disparaged illegal immigration and the use and sale of illegal substances. (JA521). His displays and messages connected with motorists and neighbors, leading to the various conflicts described in the offense conduct. (JA524).

While in his truck Marian engaged in a road range incident with Mr. Smith, where they both exchanged racial slurs, but only Mr. Smith brandished a firearm. (JA787). Also, Marian was involved in a physical altercation with Mr. Duarte over a neighborhood noise dispute, where racial slurs were exchanged between all the adverse neighbors. (JA786).

The government showed other evidence that Marian used racially insensitive language towards motorists and neighbors, while oftentimes being called similar language in connection with these incidents. (JA788). In addition, the government evidence tended to show that Marian collected, but did not display, a racially offensive comic book, a KKK flag, swastika flag and patch and iron cross ring. (JA789).

The district court barred Marian's evidence that during the offense conduct period, he suffered from serious mental health issues and received disability benefits related to his medical diagnosis. (JA123). He suffered from symptoms including thoughts of harm to himself and others, depression, fear, anxiety, stress, and psychosis (hearing voices) and paranoia. (JA81). All these symptoms affected his behavior. (JA81).

3

On January 11, 2024, the jury found Marian guilty of the misdemeanor lesser included offense in Count One, because he did not use a firearm and guilty of Count Two of the indictment. (JA724).

The district court sentenced Marian on May 1, 2024. (JA642). The court found his advisory guideline range to be 27 to 33 months. (JA820). He received the statutory maximum one year imprisonment on Count One, and a consecutive 29-month sentence on Count Two, for a total term of imprisonment of 41 months, a fine and a three-year term of supervised release. (JA724). Marian timely filed an appeal from his judgment on June 12, 2024. (JA731).

## STANDARD OF REVIEW

The Court of Appeals reviews a district court's rulings on the admissibility of evidence for abuse of discretion, "viewing the evidence in the light most favorable to the proponent and maximizing its probative value and minimizing its prejudicial effect." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021) (internal quotation marks omitted).

4

## SUMMARY OF THE ARGUMENT

The district court erroneously excluded Marian's evidence of serious mental illness symptoms and how they affected his behavior, by failing to consider such evidence under a reverse Rule 404(b) analysis. The district court further erred by allowing all the government's Rule 404(b) evidence, including Nazi war relics, to show racial animus, and suggest bad character.

## ARGUMENT

I. **The district court erroneously excluded Marian Hudak's evidence showing his offense conduct was affected by his serious mental health symptoms without conducting a reverse Rule 404(b) analysis.**

On appeal, Marian disputes several of the district courts evidentiary rulings. Specifically, he challenges the district court's exclusion of evidence under Fed. R. Evid. 404(b) he proffered to show that his mental health symptoms affected his behavior and should have been considered by the jury under the third element of the offenses. Rule 404(b) usually applies to the government's introduction of evidence against a defendant; however, it can also apply in the opposite direction where a defendant wishes to introduce evidence against a third party to

5

exculpate himself. *United States v. Daniels,* 932 F.3d 1120, 1124 (8th Cir. 2019)

Element three of the offense requires the government to show that Marian's conduct was the product of racial animus. All of the government's Rule 404(b) evidence sought to prove this factor was admitted by the district court. On the other hand, Marian wanted to show the jury that he suffers from serious mental health symptoms that affect his behavior. For example, his symptoms cause him to be angry, paranoid, misjudge other people's intentions, act hostile, and poorly regulate his emotions.

At sentencing forensic psychologist Dr. Graney testified (JA660). She described Marian's mental health diagnosis as obsessive-compulsive disorder, generalized anxiety disorder, delusional disorder persecutory type, and history of major depressive disorder and a history of alcohol use disorder. (JA660). She explained how these diagnoses are manifested in his life through symptoms: (JA661-662). Dr. Graney testified that these diagnoses were active during the offense conduct period and that his mental health contributed or worsened his behavior described in the offense conduct. (JA664). She did not testify that his

6

mental health caused the offense but contributed to his poor behavior regulation. (JA672). In addition, Marian sought to testify in his own defense about the reason for his offense conduct arising out of his mental health struggles, but his testimony in his own defense was suppressed by the district court. (JA514-515).

Marian sought to admit this evidence at trial on grounds to show motive, intent, plan under Rule 404(b) and reasonably explain his offense conduct, however it was wrongly excluded by the district court. (JA95-113). The law allows a defendant to have a meaningful opportunity to present a complete defense, which means to put before the jury evidence that might influence the determination of guilt. *Holmes v. South Carolina,* 547 U.S. 319, 324 (2006); *Crane v. Kentucky,* 476 U.S 683, 690 (1986). Federal Rule of Evidence 404(b) recognizes that the potentially probative value of prior act evidence. *United States v. Queen,* 132 F.3d 991, 994 (4th Cir. 1997). The defense may rely upon this rule of inclusion just as much as the prosecution under the doctrine known as "reverse 404(b)." *United States v. Stevens,* 935 F.2d 1380, 1402 (3d Cir. 1991), *Agushi v. Duerr,* 196 F.3d 754, 760 (7th Cir. 1999). It is called reverse 404(b) because it is evidence that is used to

7

exonerate a defendant rather than to incriminate. *Stevens*, 935 F.2d at 1402.

In the context of reverse 404(b) evidence the standard for admission is more lenient. See *United States v. Cohen,* 888 F.2d 770, 776 (11 Cir. 1989) ("The standard for admission is relaxed when the evidence is offered by a defendant."); *United States v. Aboumoussallem,* 726 F.2d 906, 911 (2d Cir. 1984) (the standard of admissibility when a criminal defendant offers similar acts evidence as a shield is not as restrictive as when the prosecution uses such evidence as a sword). The only issue in such cases is whether the evidence is relevant and probative. *Id.* Accord *United States v. McClure,* 546 F.2d 670 (5th Cir. 1977); *United States v. Seales,* 419 F.3d 600, 607-09 (7th Cir. 2005). A more lenient standard is justified because with reverse 404(b) there is no risk that a jury will convict based on a defendant's bad character. See *Michelson v. United States,* 335 U.S. 469, 475-76 (1948).

The district court did not address the admissibility of the Marian's proffered evidence under reverse 404(b). Instead, the district court held in part, that the evidence should be excluded under rules related to

8

expert testimony, which cannot explain why Marian's testimony about his symptoms and behavior was not admissible.

Other circuit courts addressing the issue hold that admissibility of reverse 404(b) evidence depends only on its relevance, probative value, and waste of time or confusion – not whether it is prejudicial. *United States v. Montelongo,* 420 F.3d 1169, 1174 (10th Cir. 2005) (quoting *Stevens,* 935 F.2d at 1404-05). Prejudice is not a relevant factor. Here where the government sought to convict Marian under element three based on racial animus, he should have been allowed to present another relevant explanation for his behavior.

**II.   The district court wrongly admitted the government's evidence showing that Marian privately possessed Nazi war relics which provided an improper basis to judge his character.**

The district court's erroneous exclusion of Marian's evidence was further compounded by its admission of all the government's evidence under Fed. R. Evid. 404(b) to show his racial animus, including Nazi war relics. The two erroneous rulings combined to substantially sway the jury's verdict against him.

"The government bears the burden of establishing that evidence of a defendant's prior bad acts is admissible for a proper purpose." *United*

9

*States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017). To meet this burden, the government must satisfy a four-prong test: "First, [t]he evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. Second, [t]he act must be necessary in the sense that it is probative of an essential claim or an element of the offense. Third, [t]he evidence must be reliable. And fourth, the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *United States v. Brizuela*, 962 F.3d 784, 797–98 (4th Cir. 2020). Typically, the more similar the activity the more relevant it becomes. *Queen*, 132 F.3d at 997. None of the relics at issue were publicly displayed. None of the items were involved in any of the incidents alleged in the indictment or relevant conduct. None of the items were unlawful. And these items, assuming arguendo they are relevant, were cumulative of any other evidence suggesting racial animus like the comic book, and other flags.

Moreover, any probative value is outweighed by confusion, unfair prejudice in the sense that it tends to subordinate reason to emotion in

10

the factfinding process. This Court has recognized under the Rules of Evidence that even relevant evidence must be excluded if its probative value is "substantially outweighed" by the potential for undue prejudice, confusion, delay, or redundancy. Fed. R. Evid. 403. Prejudice, as used in Rule 403, refers to evidence that has an "undue tendency to suggest a decision on an improper basis, commonly, though not necessarily an emotional one." Fed. R. Evid. 403 advisory committee's notes; *Id*. This Court must also consider whether the risk of exciting the emotions of the jury "is disproportionate to the probative value of the offered evidence." *Morgan v. Foretich*, 846 F.2d 941, 945 (4th Cir. 1988).

Initially, the district court properly stated why the Nazi war relics should be excluded. (JA156-169). This rationale controls and should have been sustained by the district court. Instead, the district court committed error when it reversed itself and allowed these prejudicial and arguably not relevant items into evidence. (JA587-606). Mr. Hudak never testified that he publicly displayed these items. He explained that he was a collector and none of these explanations make it more likely than not that he acted out of racial animus. Furthermore, his obsessive-

11

compulsive disorder provides further context for his behavior, such evidence was never allowed to be shown to the jury. The district court's refusal to allow evidence of the effect of his mental health symptoms on his behavior, along with its admission of Nazi war relics substantially swayed the judgment against him with respect to the third element of the offenses.

## CONCLUSION

For the foregoing reasons, Marian requests that the judgment be vacated and the case remanded for resentencing.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Appellate Rule 34, the Defendant respectfully requests that this Court set this matter for oral argument.

This the 1st day of November, 2024.

Respectfully submitted,

/s/ Eugene E. Lester III
Eugene E. Lester III
N.C. State Bar No. 23255
Lester Law
400 Bellemeade Street, Suite 702
Greensboro, NC 27401
Telephone: (336) 522-6853
Facsimile: (336) 522-6859
Email: elester@lesterlawgroup.com

12

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*2,134*] words.

    [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated:  November 1, 2024              /s/ Eugene E. Lester III
                                      *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 1st day of November, 2024, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Matthew N. Drecun
> Elizabeth Parr Hecker
> U.S. DEPARTMENT OF JUSTICE
>   CIVIL RIGHTS DIVISION
> Ben Franklin Station
> Post Office Box 14403
> Washington, DC 20044
> (202) 550-9589
>
> JoAnna Gibson McFadden
> OFFICE OF THE U.S. ATTORNEY
> 101 South Edgeworth Street, 4th Floor
> Greensboro, North Carolina 27401
> (336) 333-5351
>
> *Counsel for Appellee*

I further certify that on this 1st day of November, 2024, I caused a copy of the Sealed Volume of the Joint Appendix to be served, via FedEx, upon counsel for the Appellee, at the above address.

/s/ Eugene E. Lester III
*Counsel for Appellant*
