No. 24-4313

# United States Court of Appeals
## for the
## Fourth Circuit

UNITED STATES OF AMERICA,

*Plaintiff/Appellee*,

— v. —

MARIAN HUDAK,

*Defendant/Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

# REPLY BRIEF OF APPELLANT

EUGENE E. LESTER, III
LESTER LAW
400 Bellmeade Street, Suite 702
Greensboro, North Carolina 27401
(336) 522-6853

*Counsel for Appellant*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .............................................................................................................1

CONCLUSION ..........................................................................................................3

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

Cases:

*United States v. McInnis*,
    976 F.2d 1226 (9th Cir. 1992)..........................................................................3

*United States v. Worrell*,
    313 F.3d 867 (4th Cir. 2002)....................................................................1, 2, 3

*Virginia v. Black*,
    538 U.S. 343, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003) ...............................3

Statutes:

18 U.S.C. § 245 ...................................................................................................2

42 U.S.C. § 3631 .................................................................................................2

42 U.S.C. § 3631(a) ............................................................................................3

Rules:

Fed. R. Evid. 404(b).........................................................................................1, 3

## ARGUMENT

The district court and government mistakenly rely exclusively on the Insanity Defense Reform Act (IDRA) as a rule of total exclusion for the use of mental health evidence. It is not. Mental health evidence is admissible to defeat an element of a specific intent crime, like the hate crimes charged against Mr. Hudak. *See United States v. Worrell*, 313 F.3d 867, 873-74 (4th Cir. 2002).

Mr. Hudak does not disagree with the district court's ruling or reasoning, except that it is inapplicable for the purpose Mr. Hudak seeks to use the evidence in his case. Here, Mr. Hudak is seeking to rebut the government's evidence that he was motivated by hate or racial animus. While the district court readily admitted all the government's evidence of other acts under Rule 404(b), to show his alleged unlawful state of mind, it failed to admit Mr. Hudak's similar evidence on rebuttal, under the same rule.

Mr. Hudak seeks admission of evidence of his mental health to defeat the government's allegations that he committed the crimes because of hate. The court's failure to consider Mr. Hudak's mental health evidence under Rule 404(b) as allowed by *Worrell* requires this Court to vacate the judgment and remand the case for further proceedings.

1

Mr. Hudak did not seek to admit evidence of his mental disorders to support an affirmative defense or legal excuse, but rather to negate one of the elements of the government's case. Specifically, Mr. Hudak asserts that because of his mental health diagnosis, he did not possess the specific intent to intimidate, interfere or injure because of a person's race, color, religion, or national origin.  In other words, he lacked the motivation of hate, required to prove a violation of 42 U.S.C. § 3631 or 18 U.S.C. § 245.

The district court and the government fail to address the issue of whether the IDRA permits a defendant who is not pursuing an insanity defense to use evidence of a mental disease or defect to negate specific intent. Yet, this Circuit, like most circuits, has held that psychiatric testimony regarding a defendant's mental condition can disprove specific intent for specific intent crimes. *United States v. Worrell*, 313 F.3d 867, 873-74 (4th Cir. 2002).

Not only did it exclude Mr. Hudak's lay testimony about his mental health diagnosis, but it also barred the expert testimony of psychologist Dr. Graney. (JA514-515). Dr. Graney explained how these conditions contributed or worsened his behavior, therefore possessing a specific state of mind. (JA660-664). In addition, she described Mr. Hudak's active diagnosis and symptoms during the relevant period for the offense conduct. *Id*. She did not testify, as the district court supposed she would, that his mental health caused the offense. *Id*.

2

Our Supreme Court has long required similar hate crimes to require the government to prove specific intent, to pass Constitutional scrutiny. *Virginia v. Black*, 538 U.S. 343, 123 S. Ct. 1536, 155 L. Ed. 2d 535 (2003) (conduct must be intended to be intimidating because of race). Similarly, here, courts have held that the type of crimes charged against Mr. Hudak require proof of specific intent. *United States v. McInnis*, 976 F.2d 1226, 1230 (9th Cir. 1992) (a violation of 42 U.S.C. § 3631(a), requires the government to prove the specific intent to injure, intimidate or interfere with the victim because of her race and because of the victim's occupation of her home). The specific intent requirement narrows the statute to apply only to cases where the government can prove that the defendant specifically intended to threaten, injure, or interfere because of animus or hate. At trial, Mr. Hudak was denied the right to rebut this element of the offense.

## CONCLUSION

The district court's ban on Mr. Hudak's psychological evidence under the IDRA as a rule of total exclusion was an error of law. Instead, the district court should have passed on the evidence under *Worrell* and applied a Rule 404(b) analysis as it did for the government's evidence where Mr. Hudak sought to defeat an element of a specific intent crime. The court's error of law should be treated *de novo* on appeal, the judgment vacated, and the case remanded for reconsideration of Mr. Hudak's evidence under the correct legal standard.

3

Respectfully submitted,

/s/ Eugene E. Lester III
Eugene E. Lester III
N.C. State Bar No. 23255
Lester Law
400 Bellemeade Street, Suite 702
Greensboro, NC 27401
Telephone: (336) 522-6853
Facsimile: (336) 522-6859
Email: elester@lesterlawgroup.com

*Counsel for Appellant*

4

# CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this brief contains [*704*] words.

   [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief complies with the typeface and type style requirements because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated:  January 15, 2025                    /s/ Eugene E. Lester III
                                            *Counsel for Appellant*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 15th day of January, 2025, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Matthew N. Drecun
Elizabeth Parr Hecker
U.S. DEPARTMENT OF JUSTICE
  CIVIL RIGHTS DIVISION
Ben Franklin Station
Post Office Box 14403
Washington, DC 20044
(202) 550-9589

JoAnna Gibson McFadden
OFFICE OF THE U.S. ATTORNEY
101 South Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351

*Counsel for Appellee*

/s/ Eugene E. Lester III
*Counsel for Appellant*